CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

JEANETTE M. TRUJILLO,

Defendant-Petitioner.

No. CIV-98-1051 JC/LFG
CR-97-28 JC

ENTERED ON DOCKET
1/26/99

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to consider Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed August 31, 1998 (Crim. Doc. #89). Rule 4 Governing Section 2255 Proceedings. For the reasons below, the motion will be denied.

Defendant drove the getaway car in a bank robbery. She pleaded guilty to Count I of an indictment for armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2 (aiding or abetting). Count II of the indictment, for using or carrying a firearm under 18 U.S.C. § 924(c), was dismissed. The presentence report recommended adding five points to Defendant's offense level for brandishing a firearm under § 2B3.1(b)(2)(C) of the United States Sentencing Guidelines ("U.S.S.G."), resulting in an increase in her sentencing range. At sentencing, the Court adopted the presentence report, and Defendant's term of imprisonment reflected the firearm enhancement. She did not appeal her conviction or sentence.

In her § 2255 motion, Defendant alleges that, although she was neither armed nor aware of a weapon, her attorney advised her to plead guilty to armed robbery without advising her of



the possible firearm enhancement to her sentence. If she had been properly advised of the consequences, she would have pleaded guilty only to simple bank robbery and not to armed robbery. Her plea was thus involuntary because she did not understand the "nature of the charge and the consequences of the plea." The motion asks that Defendant's sentence be vacated and that she be given a new sentencing hearing.

In this context, "the voluntariness of a plea depends on whether counsel's advice ' "was within the range of competence demanded of attorneys in criminal cases." ' " *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). Defendant "must therefore show that [counsel's] performance fell below an objective standard of reasonableness and that [Defendant] was prejudiced thereby. Because [Defendant] has pled guilty, the prejudice prong of the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] standard requires [Defendant] to show 'that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.' " *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Strickland*, 466 U.S. at 687-88, and quoting *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir.1989)). The motion is reviewed under these standards.

Defendant's allegations do not demonstrate prejudice under the *Strickland* standard and thus do not support a claim of involuntary guilty plea. The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, --- F.3d ---, ---, 1998 WL 869691, at *9 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). A guilty plea is voluntary if the defendant is aware

2

of the minimum and maximum possible penalties for the charged offense. *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990) (quoting *United States v. Fernandez*, 877 F.2d 1138, 1142-43 (2d Cir. 1989), and Fed.R.Crim.P. 11); *cf. Kemp v. Snow*, 464 F.2d 579, 581 (10th Cir.1972) (knowledge of the maximum punishment is sufficient for a full understanding of the consequences of the plea). Here, the plea agreement, which was signed by Defendant, specifically stated the charge of armed robbery, the maximum penalty, and applicability of the guidelines. The clerk's minutes of the plea hearing indicate that the Court explained the possible penalty and other consequences of the plea. *Cf. United States v. Barry*, 895 F.2d 702, 705 (10th Cir. 1990) ("Since [Defendant's] total sentence...is only a fraction of the maximum penalty of which [s]he was advised, we do not understand how the...failure to advise [her] of the term of supervised release in any way prejudiced [her] decision to plead guilty."). The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed August 31, 1998 (Crim. Doc. #89), is DENIED, and this civil proceeding is DISMISSED.

/s/ John Edwards Conway
UNITED STATES DISTRICT JUDGE